OVERTON, Justice.
We have for review Johns v. Johns, 703 So.2d 1243 (Fla. 5th DCA 1998). In rendering its decision, the district court of appeal denied the petition for writ of certiorari filed in that case, citing as controlling authority Chaddick v. Monopoli, 677 So.2d 347 (Fla. 5th DCA 1996), approved in part, 714 So.2d 1007 (Fla.1998). Because the Chaddick case was pending review before this Court at the time the Johns decision was rendered, we find that we have jurisdiction under article V, section 3(b)(3), Florida Constitution. See Jollie v. State, 405 So.2d 418 (Fla.1981).
The facts of this case were set forth by Judge Sharp in her dissenting opinion as follows:
In this case, the initial decree was rendered by a Florida court in 1994. In 1995, a Florida court entered an order modifying the final judgment, pursuant to the stipulation of the parties, allowing Melody Johns (the former wife) to relocate the primary residence for herself and her child to Michigan. The stipulation provided that the State of Florida would retain jurisdiction “as to all matters relating to the minor child,” so long as the former husband resides in Florida.
In February of 1996, a hearing was brought in Michigan to establish a limited guardianship for the child. The guardians are the child’s maternal aunt and her husband. James alleges that the sole purpose for the guardianship was to provide the child with health insurance. The order expressly stated it would have no effect on *240 the present or future parental rights of James.
In April of 1997, James commenced a modification proceeding in Florida to obtain primary residential custody of the child because the former wife’s health had deteriorated to the point she could not care for it, and the guardians were interfering with his ability to contact the child. He also filed a response in the Michigan court, asserting he had not agreed to any guardianship for the child except for the purpose of extending her health benefits. Melody then asserted the Florida court lacked jurisdiction to modify its own decree.
On August 6, 1997, the circuit court in Lake County transferred the case to Osceola County, delaying a ruling by that court on jurisdiction. On August 8, 1997, the judge in Michigan determined that Michigan had jurisdiction over the custody determination. He asserted he had three telephone conversations with the judge in Osceola County, and that she had agreed Michigan should take jurisdiction. However, no hearing was held in Michigan or Florida, concerning forum nonconveniens or other grounds for declining Florida’s jurisdiction.
James now seeks review of the order dismissing his petition for modification, arguing that the Florida court should have held a hearing to determine its own jurisdiction, and to establish a factual basis on the record for declining jurisdiction.
703 So.2d at 1244 (Sharp, J., dissenting).
In the case before this Court, James Johns has filed a brief; Melody Johns has not. In addition to the facts set forth above, in the uncontested facts set forth in James’s brief, he states that the Osceola County judge did not have the Lake County file at the time she discussed jurisdiction with the Michigan judge.
In Chaddick v. Monopoli, 714 So.2d 1007 (Fla.1998), we disapproved parts of the district court’s opinion in Chaddick v. Monopoli, 677 So.2d 347 (Fla. 5th DCA 1996), and we determined that an evidentiary hearing in a case such as this is within the discretion of the trial judge. We also determined on a prospective basis that the parties must be given an opportunity to be present during any conversation the Florida judge has with a judge of a sister state, and the trial judge must set forth specific findings regarding the basis for concluding that jurisdiction in the sister state is or is not appropriate. Further, we noted that “the record on appeal must be sufficient to allow the appellate court to properly review the trial judge’s decision of whether the sister state exercised its jurisdiction ‘substantially in conformity’ with [the] UCCJA.” 714 So.2d at 1012.
We upheld the decision in Chaddick because the record on appeal was sufficient for us to determine that the mother had “fully participated” in the out-of-state proceedings. Additionally, the trial judge made notes of the conversations with the out-of-state judge that were part of the record in that ease. In this case, however, the record is insufficient to allow for appropriate appellate review.
Accordingly, we quash the district court’s decision and remand this cause with directions that the order dismissing James Johns’ petition for modification be vacated and that an evidentiary hearing be conducted to determine whether the Michigan court has exercised jurisdiction properly under the Uniform Child Custody Jurisdiction Act.
It is so ordered.
HARDING, C.J., and SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.