MAY, J.
A putative father[1] appeals an order dismissing his petition to determine paternity and for related relief. He argues the trial court erred in finding the State of Alabama had jurisdiction and was the proper venue. We agree and reverse.
On July 19, 1996, upon the mother’s petition, a Broward County judge entered a “Final Judgment on Injunction For Protection Against Domestic Violence.” The judgment awarded temporary custody of the minor child, born out of wedlock, to the mother. Both parents and the minor child resided in Florida at the time, and the court noted a paternity action was imminent. The mother subsequently moved to Alabama with the minor child in 1999.
While the child was visiting the father in Florida, the father served the mother with a paternity petition, which he filed in Palm Beach County. He also filed and served an emergency petition for custody.
The mother immediately filed for an emergency child pick-up order in Broward County, which was granted. A checkmark on the form order indicated the court exercised its jurisdiction on the grounds the child was born in Florida.
Two days after issuance of the child pick-up order, the mother moved to dismiss and/or transfer venue of the Palm Beach County case to Broward County. She argued Broward had prior jurisdiction *443 over the parties and the minor child, and was the proper venue. She also served her answer and affirmative defenses to the father’s petition for temporary custody. Three days later, the Palm Beach court deferred its ruling on the petition “pending [Broward County’s] determination of proper jurisdiction/venue.... ” The Broward court ordered all future related matters to be heard in Palm Beach County.
The Palm Beach court appointed a guardian ad litem, pursuant to the parties’ agreement, and entered an order for a status conference. The mother served her answer and counter-petition for paternity, custody, child support and other relief in Palm Beach County.
On August 8, 2003, the guardian ad li-tem advised the court the move to Alabama would not improve the general quality of the minor child’s life. She found it was unlikely the mother would comply with the substitute visitation arrangements if the relocation was allowed. She also found the drive from Anniston, Alabama; to Boca Raton, Florida was extensive, and airfare for regular time-sharing was not affordable. The guardian ad litem determined the father was more likely to allow the child frequent and continuing contact with the mother. She found the father had the means to provide the child, with the necessities of life, and the mother did not. The father’s residence was a stable home; the mother’s was not. The guardian recommended the father be designated the primary residential parent and the relocation to Alabama be disallowed.
The case was set for trial on November 3, 2003. However, the mother failed to timely disclose her witnesses. Instead of complying with discovery in Palm Beach, the mother filed a petition for child custody in Alabama on October 15, 2003.
On October 22, 2003, the mother served a motion to dismiss the Palm Beach case for lack of subject matter jurisdiction. She argued Florida no longer had jurisdiction because: (1) Alabama was the minor child’s home state; (2) the paternity action was allegedly brought under the Florida court’s emergency jurisdiction; and (3) a paternity action was now filed in Alabama.
On November 6, 2003, the father responded. He argued the mother had submitted to the Palm Beach court’s jurisdiction by answering his petition for determination of paternity and filing a counter-claim. On November 10, 2003, the mother dismissed her counter-petition in Palm Beach.
On November 19, 2003, the mother served a new motion to dismiss on the basis of forum non conveniens without supporting affidavits. She argued the guardian ad litem had limited knowledge of the situation surrounding the minor child; there were several groups of witnesses in Alabama who would testify on her behalf; and, the minor child’s records were situated in Alabama.
The Palm Beach court entered a case management order, acknowledging the parties had differing opinions as to whether Florida or Alabama had jurisdiction. It directed the mother to file a motion to transfer venue, alleging facts supporting her forum non conveniens claim. On the same date,, the Palm Beach court sent a letter to the Alabama court advising it of the jurisdictional claim.
On January • 14, 2004, the Palm Beach court entered an order dismissing the case conditioned on the mother filing a verification of her motion to transfer or dismiss within ten (10) days and the court’s consultation with-the Alabama judge. The order indicated it would be self-executing. The mother filed the verification on January 20, 2004.
*444 On January 26, 2004, the father served his motion for rehearing. He argued the order lacked the requisite factual findings and was unclear on whether it was conditioned upon the mother’s verification or the conversation with the Alabama court. On February 5, 2004, a successor judge heard the motion and denied it.
“A trial court’s ruling on a suggestion of inconvenient forum is discretionary, but a court that dismisses an action on that ground abuses its discretion ‘where there is no record evidence supportive of the court’s factual findings.’” Booker v. Booker, 636 So.2d 796, 800 (Fla. 1st DCA 1994). Here, the trial court considered only the mother’s motion to transfer (without supporting documentation) and its conversation with the Alabama judge. It did not conduct an evidentiary hearing and did not permit the father to present evidence.
Where a court’s decision on whether to allow a sister state to exercise jurisdiction is “based, in whole or in part, upon conversations the judge has with the judge of a sister state, then the court must allow the parties to be present during the conversation and set forth specific findings regarding the basis for concluding that jurisdiction in a sister state is appropriate.” McDaniel v. Burton, 748 So.2d 1072, 1076 (Fla. 4th DCA 1999) (emphasis added); see also Westshore Glass Corp. v. Hack Indus., Inc., 522 So.2d 1046 (Fla. 2d DCA 1988). The trial court failed to comply with this procedure.
In the present case, the trial court conferred with the Alabama judge; however, the record does not reflect the judge allowed the parties to be present during that conversation. The record and the order both fail to contain the factual basis to support the court’s conclusion. McDaniel, 748 So.2d at 1076. These omissions mandate a reversal.
The case is reversed and remanded to the trial court for further proceedings consistent with this opinion. If, after considering the evidence, the court still decides to transfer the case, the order must contain specific factual findings.
KLEIN and GROSS, JJ., concur.

. For ease of reference, the putative father will be referred to as the father throughout the opinion.