DAMOORGIAN, J.
 

 Appellant, K.I. (“the mother”), timely appeals a final order transferring jurisdiction from Florida to Virginia for purposes of determining the placement of K.I.’s minor daughter, V.D. (“the child”), in a dependency case. The mother raises several issues relating to whether the circuit court abused its discretion in its determination that the State of Virginia was the proper forum to address modification of the placement of the child.
 

 Our decision is expressly governed by the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), sections 61.501-542, Florida Statutes (2010). The UCCJEA was enacted in part to “[ajvoid jurisdictional competition and conflict with courts of other states in matters of child custody....” § 61.502(1), Fla. Stat. (2010). The court that has initial child custody jurisdiction to decide child placement under the UCCJEA is “the home state of the child on the date of the commencement of the proceeding.” § 61.514(l)(a), Fla. Stat. (2010). However, the court of another state may exercise temporary jurisdiction in an emergency situation to protect a child even though the court with initial custody jurisdiction has exclusive, continuing jurisdiction.
 
 Steckler v. Steckler,
 
 921 So.2d 740, 743 (Fla. 5th DCA 2006). Both Florida and Virginia have adopted versions of the UCCJEA and both versions include a temporary emergency jurisdiction provision.
 
 See
 
 § 61.517, Fla. Stat. (2010); Va.Code Ann. § 20-146.15 (2010). We affirm on all but one issue.
 

 Proceedings regarding the dependency of the child began in 2001 in Broward County, Florida. The child originally lived in Florida with her mother. The child was later adjudicated dependent and the Department of Children and Families (“DCF”) placed the child in the custody of her father in Pennsylvania. The father eventually moved to Virginia with the child. The mother was granted visitation. In 2003, the Florida trial court entered an order granting DCF’s motion to terminate protective supervision of the child and authorized custody to remain with her father. The court expressly retained jurisdiction over the cause. In 2010, the father was
 
 *752
 
 arrested for alleged child abuse in Virginia, and the child was placed in the care of the paternal aunt in Virginia.
 

 In response to the father’s arrest, the mother filed an emergency motion in the Florida trial court seeking to reopen the dependency case in order to have the child returned to Florida and placed in her custody. DCF filed a corresponding motion arising out of the allegations concerning the father. In response to the motions, the Florida court entered a temporary emergency order requiring the return of the child. Thereafter, the Virginia court conducted a hearing to register and enforce the Florida temporary court order. Present at the hearing were child advocates from ChildNet, who were assigned the responsibility of returning the child to Florida, as well as the child, the guardian ad litem, and several representatives from the Virginia Department of Human Services. The mother was not present at this hearing. She stated that she was not notified of the hearing in Virginia and the record does not indicate otherwise. The Florida trial judge participated in the hearing via telephone.
 
 [1]
 

 At the conclusion of the hearing, the Virginia court found that it was in the best interest of the child to stay in Virginia, where she had been living for the past ten years with her aunt, who was willing to keep the child. The Virginia court denied the motion to register and enforce the Florida trial court order. Upon consideration of the proceedings before the Virginia court, the Florida trial judge concluded that it was in the best interest of the child that Virginia take jurisdiction over this cause.
 

 Thereafter, the Florida trial court held a hearing in Broward County and entered an order terminating Florida’s jurisdiction of the matter based in part on the findings made during the hearing in Virginia. The mother was present at this hearing. This appeal of the final order terminating jurisdiction followed.
 

 The mother first argues that the only proper forum for proceedings regarding the modification of the child’s placement is Florida, where jurisdiction was expressly retained. We disagree.
 

 The Virginia trial court was authorized to exercise emergency jurisdiction under Virginia’s temporary emergency jurisdiction provision.
 
 [2]
 
 Although Florida had initial custody jurisdiction, the child was allegedly abused by the father while she was in Virginia, which gave Virginia temporary jurisdiction to protect the child given the emergency situation. Accordingly, the trial court in Virginia was authorized to modify Florida’s custody determination for the best interest of the child given the emer
 
 *753
 
 gency situation.
 
 See
 
 § 61.517, Fla. Stat. (2010); Ya.Code Ann. § 20-146.15 (2010).
 

 The mother next argues that the trial court improperly transferred jurisdiction to Virginia on the grounds that Virginia was the more convenient forum. DCF counters that the trial court properly exercised its discretion under the UCCJEA. We review the trial court’s order and its determination that Virginia was the more convenient forum for abuse of discretion.
 
 Steckler,
 
 921 So.2d at 744.
 

 The UCCJEA provides that a court with jurisdiction over a custody cause may decline to exercise that jurisdiction if the court “determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.” § 61.520(1), Fla. Stat. (2010).
 
 [3]
 
 The transfer of a case from one jurisdiction to another on the ground of inconvenient forum may be raised in a motion from either party, the court, or the request of another court; provided the court follows the statutory procedures and considerations.
 
 See
 
 § 61.520(1), (2)(a)-(h).
 

 The Florida trial court considered facts obtained during the Virginia hearing and the January 12, 2011 hearing in Broward County, including the fact that the child had been living in Virginia for approximately ten years and would be a witness in the father’s criminal proceeding, the alleged abuse occurred in Virginia, the relative willing to care for the child resided in Virginia, and the Virginia court already issued a preliminary protective order for the child. After noting these findings from the Virginia court, the trial court concluded that it was in the best interest of the child to be in the custody of her paternal aunt in Virginia. What is clear from the record is that the trial court considered all of the relevant information and properly applied the statutory factors enumerated under the UCCJEA.
 
 [4]
 
 Accordingly, we hold that the trial court did not abuse its discretion in terminating jurisdiction over the child in Florida and transferring the case to Virginia.
 

 Lastly, the mother argues that the trial court erred by denying her the opportunity to be heard in the Virginia proceedings regarding the modification of the Florida placement order of the child. It is undisputed that the mother did not receive notice of the hearing conducted by the Virginia court. On this point, DCF concedes error and we agree. “Where a court’s decision on whether to allow a sister state to exercise jurisdiction is ‘based, in whole or in part, upon conversations the judge has with the judge of a sister state, then the court must allow the parties to be
 
 *754
 
 present during the conversation and set forth specific findings regarding the basis for concluding that jurisdiction in a sister state is appropriate.’ ”
 
 Poliandro v. Springer,
 
 899 So.2d 441, 444 (Fla. 4th DCA 2005) (quoting
 
 McDaniel v. Burton,
 
 748 So.2d 1072, 1076 (Fla. 4th DCA 1999) (emphasis in original));
 
 see also
 
 § 61.511(2), Fla. Stat. (2010) (“The court shall allow the parties to participate in the communication. If the parties elect to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.”).
 

 Based upon the foregoing, we reverse and remand for further proceedings consistent with this opinion. After due notice to all appropriate parties, including the mother, the father, and the Virginia court, the trial court should then rule on whether retaining jurisdiction in Florida is proper based on its factual findings.
 

 Affirmed in part; Reversed in part and Remanded.
 

 CIKLIN and LEVINE, JJ., concur.
 

 [1]
 

 . Section 61.517(4), Florida Statutes provides, in pertinent part:
 

 A court of this state which is exercising jurisdiction under ss. 61.514-61.516, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.
 

 § 61.517(4), Fla. Stat. (2010).
 

 [2]
 

 . Virginia's emergency provision provides in pertinent part:
 

 A court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and ... if it is necessary in an emergency to protect the child because the child ... is subjected to mistreatment or abuse....
 

 § 20-146.15(A), Va.Code Ann. (2010). Florida’s equivalent utilizes almost identical language.
 
 See
 
 § 61.517(1), Fla. Stat. (2010).
 

 [3]
 

 .
 
 See
 
 Florida Rule of Juvenile Procedure 8.205(c), providing that "[i]f it should appear at any time that an action is pending in another state, the court may transfer jurisdiction over the action to a more convenient forum state...."
 

 [4]
 

 . Section 61.520(2), Florida Statutes, provides the following factors to be considered by the trial court in determining whether another state is a more appropriate forum:
 

 (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (b) The length of time the child has resided outside this state; (c) The distance between the court in this state and the court in the state that would assume jurisdiction; (d) The relative financial circumstances of the parties; (e) Any agreement of the parties as to which state should assume jurisdiction; (f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (h) The familiarity of the court of each state with the facts and issues in the pending litigation.
 

 § 61.520(2)(a)-(h), Fla. Stat. (2010).