# Third District Court of Appeal
## State of Florida

Opinion filed February 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1248
Lower Tribunal No. 23-DR-826-K

_____

**Loring E. Justice,**
Appellant,

vs.

**Linn Marie Guerrero-Justice,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox and Sara E. Ross, for appellant.

Chase Law & Associates, P.A., and Kenneth E. Chase (Boca Raton), for appellee.

Before EMAS, LOBREE and GOODEN, JJ.

GOODEN, J.

In this child custody case, we must interpret the trial court's obligations under section 61.511, Florida Statutes—part of the Uniform Child Custody and Jurisdiction Act ("UCCJEA"). Because the text of the statute is clear, we reverse and remand for further proceedings consistent with this opinion.

**I.**

Appellant Loring E. Justice and Appellee Linn Marie Guerrero-Justice married in Tennessee in 2017. The couple had a child. For reasons unrelated to the appeal, Justice began spending significant time in Key West in 2021. Along with their child, Guerrero-Justice would visit him in Key West. However, the amount of time the child spent in Key West is disputed.

In late December 2023, Guerrero-Justice filed for divorce in Knox County, Tennessee. Her petition stated that the minor child lived with her in Knoxville, Tennessee and requested joint custody. Two days later, Justice filed his own petition for divorce in Monroe County, Florida. His petition stated that the minor child lived with him in Key West, Florida and requested joint custody.

Guerrero-Justice moved to dismiss the Florida petition arguing that Tennessee was the child's home state. Likewise, Justice moved to dismiss the Tennessee petition. The Tennessee court held a hearing and advised

that it needed to communicate with the Florida court to determine which state had jurisdiction under the UCCJEA.[1]

The Florida court had an evidentiary hearing scheduled approximately a week and a half later. However, the day before the hearing, the Florida court cancelled the hearing. Several days later, the parties were before the Tennessee court again. The court noted that it had not yet conducted the UCCJEA meeting, but it would be forthcoming. After the hearing, the Tennessee court issued an order denying the motion to dismiss and found that Tennessee was the child's home state.

The Florida court subsequently issued an order dismissing the Florida case. In that order, the trial court stated that it conducted a UCCJEA conference with the Tennessee court and it was determined that the minor child's home state was Tennessee. Justice moved for rehearing arguing that the parties were not given an opportunity to participate in the communication and were not able to obtain the record of the communication. This motion was denied. This appeal followed.

Justice asserts the trial court erred when it communicated with the Tennessee court without providing the parties the opportunity to participate.

---

[1] Tennessee has adopted provisions of the UCCJEA. However, its statute differs slightly than the Florida statute at issue. It uses the word "may" instead of "shall." § 36-6-213, Tenn. Code (2024).

He further argues that the trial court failed to provide him with a record of that communication. Guerrero-Justice counters that the trial court only needs to involve the parties where they elect to participate. She asserts that Justice failed to elect to participate before the communication occurred.

## II.

Matters of statutory interpretation, such as this, are reviewed de novo. State v. Espinoza, 264 So. 3d 1055, 1062 (Fla. 3d DCA 2019); Arjona v. Torres, 941 So. 2d 451, 454 (Fla. 3d DCA 2006).

## III.

The UCCJEA is a uniform law concerning interstate child custody disputes. Florida adopted the UCCJEA in 2002. Ch. 2002–65, Laws of Fla. While there are several purposes expressed by the Legislature, relevant here, is the intention to "[p]romote cooperation with the courts of other states" and "[p]romote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child." § 61.502(2), (7), Fla. Stat. In furtherance of this purpose, section 61.511 provides:

(1) A court of this state may communicate with a court in another state concerning a proceeding arising under this part.

(2) The court shall allow the parties to participate in the communication. If the parties elect to participate in the communication, they must be given the opportunity to present

4

facts and legal arguments before a decision on jurisdiction is made.

(3) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.

(4) Except as otherwise provided in subsection (3), a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.

(5) For purposes of this section, the term "record" means a form of information, including, but not limited to, an electronic recording or transcription by a court reporter which creates a verbatim memorialization of any communication between two or more individuals or entities.

§ 61.511, Fla. Stat. (2024).

Guerrero-Justice urges us to interpret this section as only requiring the trial court to provide notice of the communication where a party affirmatively elects to participate. She focuses on the second sentence of provision (2). However, this interpretation ignores the entire text, context, and structure of the statute. It does not constitute a fair reading. Ham v. Portfolio Recovery Assocs., LLC, 308 So. 3d 942, 947 (Fla. 2020); Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts 167 (2012) (The Whole-Text Cannon "calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation to its many parts."). And it puts the cart before the horse.

5

Indeed, it overlooks the first sentence of provision (2) and the Legislature's use of the word "shall." "Shall" is a mandatory word that imposes a duty. See Sanders v. City Of Orlando, 997 So. 2d 1089, 1095 (Fla. 2008) ("The word 'shall' is mandatory in nature."); The Florida Bar v. Trazenfeld, 833 So. 2d 734, 738 (Fla. 2002) ("The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word 'shall.'"); Scalia & Garner, supra at 112. See also Johnson v. Johnson, 88 So. 3d 335, 338 (Fla. 2d DCA 2012) ("We construe the words 'shall' and 'must' in this provision to impose a mandatory duty upon the trial court that must be performed before ruling.").

When read as a whole and in context, the statute obligates the trial court to perform certain actions to protect the due process rights of the parties. First, the trial court has a duty to allow the parties to participate in the communications with a court of another state. This means that the trial court must provide notice before the communication occurs to allow them to be present. See generally Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance."). If the parties choose to participate in that communication, they have a right to be heard. N.C. v.

6

Anderson, 882 So. 2d 990, 993 (Fla. 2004) ("Procedural due process requires both reasonable notice and a meaningful opportunity to be heard."). The parties must be given the opportunity to make arguments as to their positions.  Then, a record of the communication, such as a recording or transcript, must be made.  The parties must be informed promptly of the record and granted access thereto.  Haugabook v. Jeffcoat-Hultberg, 219 So. 3d 65, 67 (Fla. 4th DCA 2016).

The trial court failed to comply with these obligations.  As a result, Justice's due process rights were violated.  We reverse and remand for further proceedings in accordance with this opinion.  See K.I. v. Dep't of Children & Families, 70 So. 3d 749, 753 (Fla. 4th DCA 2011); Poliandro v. Springer, 899 So. 2d 441, 444 (Fla. 4th DCA 2005).

Reversed and remanded for further proceedings.